UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11817-RWZ

EDINSON MOTA

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

MEMORANDUM OF DECISION

November 16, 2010

ZOBEL, D.J.

Pro se plaintiff Edinson Mota ("Mota") seeks review of a final decision of defendant Michael J. Astrue ("Astrue"), Commissioner of the Social Security Administration ("Commissioner"), pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), denying his claim for disability insurance benefits. The complaint seeks to reverse the decision, and defendant has moved to affirm it. For the reasons discussed below, the decision of the Commissioner is affirmed.

**I.     Background**

Mota was 37 years old at the time he became disabled in April 2007. (R. 59.)[1] His past relevant work was as a factory worker. In 2007, he was diagnosed with diabetes mellitus which resulted in decreased vision in his right eye and severe leg pain due to varicose veins. He was later diagnosed with major depression, post-

---

[1] Citations to the administrative record in this case (Docket # 15) shall be to "R. __."

traumatic stress, and attention deficit hyperactivity disorders. His impairments limited his ability to lift and carry heavy objects and to perform complex tasks.

He filed an application for disability insurance benefits with the Department of Health and Human Services, Social Security Administration ("SSA") on July 12, 2007, claiming disability as of April 15, 2007 (R. 145). His claim was denied after initial review on August 8, 2007 (R. 56), and again after review by a Federal Reviewing Official on June 27, 2008 (R. 57-65).

Pursuant to SSA regulations, plaintiff filed a timely request for a hearing (R. 74-75), which was held before an Administrative Law Judge ("ALJ") on February 5, 2009 (R. 31-55). In a written decision dated March 18, 2009, the ALJ found that plaintiff is unable to perform his past relevant work, but nevertheless concluded that in light of his age, education, work experience, and residual functional capacity, plaintiff is capable of making a successful adjustment to other work that exists in the national economy. (R. 20-29). The ALJ thus determined that plaintiff was not disabled between April 15, 2007 and March 18, 2009, and denied his claim. (R. 29.) This decision became final on June 19, 2009, when the Decision Review Board affirmed the ALJ's decision. (R. 8-13.) Plaintiff now seeks review in this court pursuant to 42 U.S.C. § 405(g). (Docket # 1.) Defendant seeks an order affirming the decision. (Docket # 17.)

## II.     Discussion

### A.     General Legal Standards

By statute, plaintiff is entitled to Social Security disability benefits if he is disabled, as that term has been defined by statute and interpreted by regulation. The

statute defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, rendering the claimant unable to do his or her previous work or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

In order to determine whether a plaintiff is "disabled," the SSA has promulgated regulations which require examiners to analyze each claim in accordance with the following five steps:

(1) if the claimant is doing substantial gainful activity, he or she is not disabled;

(2) if the claimant is not performing substantial gainful work, his or her impairment(s) must be severe before the claimant can be found to be disabled;

(3) if the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1 [of 20 C.F.R. Part 404] Subpart P, Regulation No. 4, that claimant is presumed disabled without consideration of age, experience and work experience;

(4) if the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment (or impairments) does not meet or medically equals a listed impairment contained in Appendix 1 [of 20 C.F.R. Part 404] Subpart P, Regulation No. 4, then the commission will "assess and make a finding about [claimant's] residual functional capacity" based on the evidence in the case; and

3


(5) if the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled; if the claimant's impairment or impairments prevent him from performing his past relevant work, he is not disabled if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors.

See 20 C.F.R. § 404.1520(b)-(g).

### B. The ALJ's Findings

During the hearing, two witnesses testified: (1) plaintiff; and (2) an unnamed vocational expert. Plaintiff also submitted medical records of treating personnel, including a physician's assistant, Alyssa Ruiz, PAC. Respondent submitted a report from a non-examining physician, Dr. Barbara Scolnick, M.D., who evaluated plaintiff's application and medical history.

Plaintiff testified that he suffers from diabetes mellitus which results in leg pain. He also suffers from blurred vision. He last worked in 2006 or 2007 as a factory worker; he cleaned and packed parts and swept the floor. He testified that he experienced leg pain after standing for 10-15 minutes, and was able to sit for up to 30 minutes at a time. He further testified that he was able to perform basic daily functions, such as cook, buy groceries, clean, drop laundry off at a laundromat, read, climb stairs, bend, kneel, reach, lift 20-25 pounds, and attend religious services.

Applying the five-step evaluation process, the ALJ first concluded that the plaintiff has not engaged in "substantial gainful activity" under 20 C.F.R. § 404.1520(b) since the alleged onset of his disability. (R. 22.) Second, he found that plaintiff's injuries were severe within the meaning of the regulations but, with respect to step

three of the regulations, not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Listing 4.11 (R. 23).

Turning to the fourth step of the regulations, the ALJ concluded that plaintiff was unable to perform past relevant work because it was defined as heavy exertional, but that he had the "residual functional capacity" to perform other work existing in significant numbers in the national economy. (R. 27.)

### C. Application to the ALJ's Determination

In general, this court must uphold the decision of the Commissioner if it is supported by substantial evidence. See Phillips v. Barnhart, Civ. No. 02-11115, 2003 WL 21877761, at *1 (D. Mass. Aug. 8, 2003). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1991). Plaintiff does not raise specific objections to the ALJ's findings, but rather objects to the conclusion that he was not disabled.

First, the ALJ's findings on the nature and extent of plaintiff's physical limitations are supported by substantial evidence. Indeed, the parties agree that substantial evidence supports the ALJ's findings that plaintiff's physical and mental impairments are severe. Plaintiff's disagreement with the ALJ implicitly starts with his finding that the combination of plaintiff's impairments does not meet the severity requirements of the regulations and implicitly ends with the finding of residual functional capacity to perform light work. As to the first, the listing of requisite impairments in the regulations

are exquisitely detailed, and the evidence fully supports the ALJ's comparison of that detail with plaintiff's physical and mental condition and his ultimate conclusion. As to the second, the regulations define "residual functional capacity" as "the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks." 20 C.F.R. § 404.1545. The ALJ's conclusion that, given plaintiff's age, education, work experience, and residual functional capacity, there were jobs in significant numbers in the national economy that he could perform is based on the uncontroverted testimony of the vocational expert (R. 27).

### D. Plaintiff's Additional Evidence

On September 15, 2010, plaintiff submitted additional evidence to this court (Docket # 23). It consists of letters of evaluation from various medical personnel. Under 42 U.S.C. § 405(g), the court may remand the case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (sentence six); see also Beliveau v. Apfel, 154 F. Supp.2d 89, 94 (D. Mass. 2001). Here, however, the additional evidence relates to plaintiff's condition after the date of the ALJ's determination; it is therefore not relevant to the question of claimant's condition during the time period for which benefits were denied. Although one of the letters, from Dr. Erdmann, refers to plaintiff's "lifelong symptoms" of ADHD and PTSD, these conditions were previously considered, and rejected, by the ALJ. Dr. Erdmann offers no additional facts to be considered. Consequently, remand is

are exquisitely detailed, and the evidence fully supports the ALJ's comparison of that detail with plaintiff's physical and mental condition and his ultimate conclusion. As to the second, the regulations define "residual functional capacity" as "the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks." 20 C.F.R. § 404.1545. The ALJ's conclusion that, given plaintiff's age, education, work experience, and residual functional capacity, there were jobs in significant numbers in the national economy that he could perform is based on the uncontroverted testimony of the vocational expert (R. 27).

### D. Plaintiff's Additional Evidence

On September 15, 2010, plaintiff submitted additional evidence to this court (Docket # 23). It consists of letters of evaluation from various medical personnel. Under 42 U.S.C. § 405(g), the court may remand the case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (sentence six); see also Beliveau v. Apfel, 154 F. Supp.2d 89, 94 (D. Mass. 2001). Here, however, the additional evidence relates to plaintiff's condition after the date of the ALJ's determination; it is therefore not relevant to the question of claimant's condition during the time period for which benefits were denied. Although one of the letters, from Dr. Erdmann, refers to plaintiff's "lifelong symptoms" of ADHD and PTSD, these conditions were previously considered, and rejected, by the ALJ. Dr. Erdmann offers no additional facts to be considered. Consequently, remand is

inappropriate.

On September 28, 2010, plaintiff submitted a recent decision of the ALJ approving plaintiff's request for disability as of October 8, 2009 (Docket # 25). As this determination pertains to a later time period, it is not relevant to the question whether plaintiff was disabled between April 15, 2007 and March 18, 2009.

## III.  Conclusion

The ALJ's determination that plaintiff was not disabled between April 15, 2007, and March 18, 2009, as defined in the statute is supported by substantial evidence. Accordingly, plaintiff's Motion to Reverse the Decision of the Commissioner (Docket # 1) is DENIED, and defendant's Motion for Order Affirming the Decision of the Commissioner (Docket # 17) is ALLOWED. Judgment may be entered for the defendant.

|  November 16, 2010  |  /s/Rya W. Zobel  |
|---|---|
|  DATE  |  RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE  |